**REMPFER MOTT LUNDY, PLLC**
JOSEPH N. MOTT
Nevada Bar No. 12455
SCOTT E. LUNDY
Nevada Bar No. 14235
10091 Park Run Dr., Ste. #200
Las Vegas, NV 89145-8868
T: (702) 825-5303
F: (702) 825-4413
Joey@rmllegal.com
Scott@rmllegal.com
Attorneys for Plaintiff
**LISA DANIELS**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **LISA DANIELS,** individually and on behalf of all others similarly situated,<br><br>**Plaintiff**,<br><br>vs.<br><br>**ARIA RESORT & CASINO, LLC; DOES I** through **V,** inclusive; and **ROE CORPORATIONS I** through **V,** inclusive,<br><br>**Defendants**. | **Case No.:**<br><br>**COMPLAINT**<br><br>**[Jury Demand Requested]** |

1. Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

Plaintiff **LISA DANIELS**, individually and on behalf of all others similarly situated, through her counsel of record, Joseph N. Mott and Scott E. Lundy of REMPFER MOTT LUNDY, PLLC, hereby Complains against Defendant **ARIA RESORT & CASINO, LLC,** as follows:

**THE PARTIES, JURISDICTION, VENUE, AND INTRODUCTION**

1. Plaintiff **LISA DANIELS** (hereinafter referred to as "Plaintiff" or "Daniels") was at all relevant times a resident of and employed in Clark County, Nevada.

2. Daniels is currently a resident of Florida.



3. Defendant **ARIA RESORT & CASINO, LLC** (hereinafter referred to as "Defendant" or "Aria Resort & Casino") was and is a Nevada limited-liability corporation licensed and doing business in Nevada.

4. Aria Resort & Casino was, at all relevant times, Daniels' employer, as that phrase is defined in the Fair Labor Standards Act ("FLSA").

5. Aria Resort & Casino is an "enterprise" as defined in the FLSA at 29 U.S.C. § 203(r)(1). Further, Aria Resort & Casino is an "enterprise engaged in commerce or in the production of good for commerce" as defined in the FLSA at 29 U.S.C. § 203(s)(1)(A). Aria Resort & Casino has an annual gross volume of sales made or business done in excess of $500,000.00.

6. The true names of Defendants **DOES I** through **V** and **ROE CORPORATIONS I** through **V,** their citizenship and capacities, whether individual, corporate, associate, partnership, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that these Defendants were individuals who were in some manner negligent towards Plaintiff, acted wrongfully and illegally towards Plaintiff, caused injury to Plaintiff, and otherwise damaged Plaintiff. Plaintiff is further informed and believes, and therefore alleges, that each of these Defendants are or may be legally responsible for the events referred to in this action and other events not mentioned in this action, and caused damages to Plaintiff including, but not limited to, causing Plaintiff to not be paid their lawful wages and tips. Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants when the same have been ascertained, and to join them in this action together with the proper charges and allegations.

7. Daniels has satisfied all administrative and jurisdictional conditions precedent to filing this Complaint.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(3) as the controversy arises under the laws of the United States. Specifically, the claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et. seq.

9. Venue is proper in the District of Nevada because Defendant conducts business

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

and maintains offices in Clark County, Nevada, and the alleged unlawful employment practices were committed in Clark County, Nevada.

**FACTUAL ALLEGATIONS**

10. Lisa Daniels' employment with Aria Resort & Casino commenced on or about December 13, 2012. Daniels remained an employee of Aria Resort & Casino until her retirement in 2019.

11. Daniels was employed as a Slot Guest Service Representative.

12. In that position, Daniels earned $17.84 per hour plus tips.

13. Daniels' tips were subject to Aria Resort & Casino's tip pooling policy.

14. Aria Resort & Casino defines "tip" as, "any money, whether coin, cash, casino chips, sports book tickets, or EZ pay tickets extended to an employee due to contacts made through his or her job."

15. Aria Resort & Casino's tip pooling policies, practices, and procedures provide that slot department personnel, including Slot Guest Service Representatives and High Limit Cashiers, are to deposit their tips in the "tip box" at the end of each shift. Then, at the end of each week, tips are counted and individual tip shares are calculated. Tips are then distributed to each tip pooling member's locker.

16. From the time Daniels started working at Aria Resort & Casino through the end of 2018, the tip pool for the slot department included Slot Guest Services Representatives, High Limit Cashiers, as well as Slot Supervisors, Slot Shift Managers, and Slot Assistant Shift Managers.

17. In March 2018, the Fair Labor Standards Act was amended to explicitly prohibit tip sharing with managers and supervisors.

18. Specifically, 29 U.S.C. § 203(m)(2)(B) was amended to read, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

19. Nevertheless, Aria Resort & Casino continued to permit Slot Supervisors, Slot Shift

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

Managers, and Slot Assistant Shift Managers (hereinafter referred to as "Managers" and "Supervisors") to continue participating in the tip pool through the end of 2018.

20. These Managers and Supervisors were "managers" and "supervisors," as those terms are used and defined in the Fair Labor Standards Act. Specifically, these Managers and Supervisors: (1) customarily and regularly directed the work of at least two or more other full-time employees or their equivalent; (2) had primary duties that involved the management of Aria Resort & Casino's slot department; (3) had authority to hire or fire other employees; and (4) suggestions and recommendations regarding the hiring, firing, advancement, promotion, or other changes in status of employment were given particular weight by Aria Resort & Casino.

21. From March 2018 through December 2018, approximately 67 individual Slot Department employees participated in the Slot Department tip pool.

22. Approximately 45 of the 67 employees were Slot Guest Service Representatives and High Limit Cashiers who were properly included in the tip pool within the 2018 Amendment to section 29 U.S.C. § 203(m)(2)(B) of the FLSA.

23. Approximately 22 of the 67 employees were Managers and Supervisors who should not have been included in the tip pool pursuant to the 2018 Amendment to section 29 U.S.C. § 203(m)(2)(B) of the FLSA.

24. In October 2018, Aria Resort & Casino began to re-classify Managers and Supervisors as "Slot II's." Managers and Supervisors newly-classified as Slot II's were prohibited from participating in the Slot Department tip pool.

25. However, pre-existing Slot II's continued to be included in the Slot Department tip pool through the rest of 2018.

26. Beginning in January 2019, Aria Resort & Casino amended its tip pool policies, practices, and procedures to prohibit all Managers, Supervisors, and Slot II's from participating in the Slot Department tip pool.

27. 29 U.S.C. § 216(b) provides, in pertinent part, "Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."

28. Daniels, and all others similarly situated, is entitled to receive those tips which were improperly withheld by Aria Resort & Casino and distributed to Managers and Supervisors following the March 2018 amendment to the FLSA, along with liquidated damages and attorneys' fees.

29. Daniels estimates that from March 2018 through December 2018 each tip pool participant's share totaled approximately $29,698.00. Daniels estimates the following weekly distributions:

a. March 27, 2018 - $782
b. April 3, 2018 - $413
c. April 10, 2018 - $433
d. April 17, 2018 - $757
e. April 24, 2018 - $890
f. May 1, 2018 - $981
g. May 8, 2018 - $752
h. May 15, 2018 - $669
i. May 22, 2018 - $673
j. May 29, 2018 - $644
k. June 5, 2018 - $704
l. June 12, 2018 - $1,091
m. June 19, 2018 - $654
n. June 26, 2018 - $732
o. July 3, 2018 - $619
p. July 10, 2018 - $811
q. July 17, 2018 - $482
r. July 24, 2018 - $475

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

s. July 31, 2018 - $916

t. August 7, 2018 - $853

u. August 14, 2018 - $463

v. August 21, 2018 - $744

w. August 28, 2018 - $715

x. September 4, 2018 - $516

y. September 11, 2018 - $710

z. September 18, 2018 - $907

aa. September 25, 2018 - $758

bb. October 2, 2018 - $711

cc. October 9, 2018 - $556

dd. October 16, 2018 - $789

ee. October 23, 2018 - $1,127

ff. October 30, 2018 - $742

gg. November 6, 2018 - $1,156

hh. November 13, 2018 - $534

ii. November 20, 2018 - $732

jj. November 27, 2018 - $775

kk. December 4, 2018 - $1,357

ll. December 11, 2018 - $955

mm. December 18, 2018 - $562

nn. December 25, 2018 - $558

30. That $29,698.00 tip share amount gets multiplied by the 22 Managers and Supervisors who were improperly included in the Slot Department tip pool to come up with the total amount of improperly withheld tips: $653,356.00.

31. Finally, when $653,356.00 is divided among the 45 slot personnel employees who were properly part of the tip pool, we see that each potential class member is owed

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

approximately $14,519.02, exclusive of liquidated damages and other damages available to Plaintiff within the FLSA. This amount may be adjusted up or down depending on the individual's hours worked during the relevant period.

32. Aria Resort & Casino possesses evidence reflecting the precise number of hours worked, as well as records demonstrating the precise amount of individuals' tip shares.

33. To the extent these records are unavailable, Daniels, and all others similarly situated, may prove the hours they worked solely by their testimony. The burden then shifts to Defendant to disprove Daniels', and all others similarly situated, testimony.

34. All employers, including Defendant, are subject to the record keeping requirements imposed by 29 C.F.R. § 516.2 and 29 U.S.C. §§ 211 and 216.

35. Defendant has failed to make, keep, and preserve these records regarding Plaintiff, and all others similarly situated, in violation of 29 C.F.R. § 516.2 and 29 U.S.C. §§ 211 and 216.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of others similarly situated as a collective action pursuant to 29 U.S.C. § 216(b).

37. The statute of limitations under the FLSA is 3 years for willful violations.

38. The Class is defined as follows: All persons who were employed by Defendant as Slot Guest Services Representatives, High Limit Cashiers, "Slot I's," or Slot Department personnel who received tip shares from Defendant from March 2018 through December 2018.

39. Plaintiff will fairly and adequately represent and protect the interests of the class and has retained counsel with experience litigating such claims.

40. A collective action suit, such as this, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually redress the wrongs done to them.

41. Furthermore, even if members of the class could afford individual litigation against

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

Aria Resort & Casino, it could and would be unduly burdensome to the judicial system. The collective action is, therefore, the most efficient method by which to resolve these claims.

42. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those she seeks to represent for the following reasons, among others:

a. Defendant employed Plaintiff as a Slot Guest Service Representative. Plaintiff, and those similarly situated, was subject to Defendant's Slot Department tip pool policies, practices, and procedures. In March 2018, the FLSA was amended to explicitly prohibit managers and supervisors from receiving any portion of an employee's tips. Nevertheless, from March 2018 through December 2018, Defendant improperly withheld portions of Plaintiff's, and those similarly situated, tips and distributed them to managers and supervisors in violation of the FLSA, 29 U.S.C. § 203(m)(2)(B). Plaintiff, and those similarly situated, suffered damages as a result of Defendant's illegal tip pool policy.

b. Plaintiff's situation is similar to those she seeks to represent because Defendant improperly withheld portions of Plaintiff's, and those similarly situated, tips and distributed them to managers and supervisors pursuant to a uniform policy, plan, and practice.

c. Common questions of fact and law include, but are not limited, to the following: (1) Whether Defendant employed Plaintiff, and those similarly situated, within the meaning of the applicable provisions of the FLSA; (2) Whether Plaintiff, and those similarly situated, were subjected, or forced to comply with, a uniform policy, plan, and practice whereby Defendant withheld portions of Plaintiff's, and those similarly situated, tips and distributed them to managers and supervisors in violation of the FLSA, 29 U.S.C. § 203(m)(2)(B); (3) Whether Defendant knowingly failed to maintain and preserve accurate and true records of all hours worked and wages

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

earned by Plaintiff, and those similarly situated; (4) Whether Plaintiff, and those similarly situated, sustained damages and, if so, what is the proper measure of them.

d. Upon information and believe, Defendant employs, and employed, in excess of 40 qualifying Slot Guest Service Representatives, High Limit Cashiers, Slot I's, and Slot Department personnel within the applicable statute of limitations.

e. Defendant knew or should have known its policies, practices, and procedures alleged herein were unlawful and that it owed employees this money, and have willfully failed to pay its employees properly. Defendant is a sophisticated corporate entity with in-house attorneys and retained counsel whose job it is to keep the company in compliance with the law. Moreover, Plaintiff notified her superiors of the 2018 Amendment to the FLSA. Nevertheless, Defendant continued to violate the law and refused to pay Plaintiff, and those similarly situated, for the improperly withheld tips. Defendant's failure to pay Plaintiff, and those similarly situated, for such improper tip withholdings prior to the initiation of this action represents willful conduct on the part of the Defendant. Defendant's actions and omissions giving rise to this complaint were thus not in good faith and were not based upon an informed, reasonable belief that Defendant's behavior was lawful.

43. Notice of the pendency and any resolution of these actions can be provided to Collective Action members by email, mail, print, or internet publications.

**FIRST CLAIM FOR RELIEF**

**Violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. – Improperly Withheld Tips**

**(Individually and On Behalf of All Others Similarly Situated)**

44. Plaintiff incorporates by reference the balance of the Complaint as though set

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

forth fully in this claim for relief.

45. In March 2018, the FLSA at 29 U.S.C. § 203(m)(2)(B) was amended as follows, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

46. 29 U.S.C. § 216(b) provides, in pertinent part, "Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."

47. This claim arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, et. seq., for its improper withholding of Plaintiff's, and those similarly situated, tips and distribution of the same to managers and supervisors.

48. At all material times hereto, Plaintiff, and those similarly situated, was employed by Defendant as an "employee," as defined in the FLSA at 29 U.S.C. § 203(e)(1).

49. Daniels was employed as a Slot Guest Service Representative.

50. In that position, Daniels earned $17.84 per hour plus tips.

51. Daniels' tips were subject to Aria Resort & Casino's tip pooling policy.

52. Aria Resort & Casino defines "tip" as, "any money, whether coin, cash, casino chips, sports book tickets, or EZ pay tickets extended to an employee due to contacts made through his or her job."

53. Aria Resort & Casino's tip pooling policies, practices, and procedures provide that slot department personnel, including Slot Guest Service Representatives and High Limit Cashiers, are to deposit their tips in the "tip box" at the end of each shift. Then, at the end of each week, tips are counted and individual tip shares are calculated. Tips are then distributed to each tip pooling member's locker.

54. From the time Daniels started working at Aria Resort & Casino through the end of 2018, the tip pool for the slot department included Slot Guest Services Representatives, High

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

Limit Cashiers, as well as Slot Supervisors, Slot Shift Managers, and Slot Assistant Shift Managers.

55. In March 2018, the Fair Labor Standards Act was amended to explicitly prohibit tip sharing with managers and supervisors.

56. Specifically, 29 U.S.C. § 203(m)(2)(B) was amended to read, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

57. Nevertheless, Aria Resort & Casino continued to permit Slot Supervisors, Slot Shift Managers, and Slot Assistant Shift Managers (hereinafter referred to as "Managers" and "Supervisors") to continue participating in the tip pool through the end of 2018.

58. These Managers and Supervisors were "managers" and "supervisors," as those terms are used and defined in the Fair Labor Standards Act. Specifically, these Managers and Supervisors: (1) customarily and regularly directed the work of at least two or more other full-time employees or their equivalent; (2) had primary duties that involved the management of Aria Resort & Casino's slot department; (3) had authority to hire or fire other employees; and (4) suggestions and recommendations regarding the hiring, firing, advancement, promotion, or other changes in status of employment were given particular weight by Aria Resort & Casino.

59. From March 2018 through December 2018, approximately 67 individual Slot Department employees participated in the Slot Department tip pool.

60. Approximately 45 of the 67 employees were Slot Guest Service Representatives and High Limit Cashiers who were properly included in the tip pool within the 2018 Amendment to section 29 U.S.C. § 203(m)(2)(B) of the FLSA.

61. Approximately 22 of the 67 employees were Managers and Supervisors who should not have been included in the tip pool pursuant to the 2018 Amendment to section 29 U.S.C. § 203(m)(2)(B) of the FLSA.

62. In October 2018, Aria Resort & Casino began to re-classify Managers and Supervisors as "Slot II's." Managers and Supervisors newly-classified as Slot II's were prohibited

from participating in the Slot Department tip pool.

63. However, pre-existing Slot II's continued to be included in the Slot Department tip pool through the rest of 2018.

64. Beginning in January 2019, Aria Resort & Casino amended its tip pool policies, practices, and procedures to prohibit all Managers, Supervisors, and Slot II's from participating in the Slot Department tip pool.

65. 29 U.S.C. § 216(b) provides, in pertinent part, "Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."

66. Daniels, and all others similarly situated, is entitled to receive those tips which were improperly withheld by Aria Resort & Casino and distributed to Managers and Supervisors following the March 2018 amendment to the FLSA, along with liquidated damages and attorneys' fees.

67. Daniels estimates that she, and all others similarly situated, are owed approximately $14,519.02 each, exclusive of liquidated damages and other damages available to Plaintiff within the FLSA. This amount may be adjusted up or down depending on the individual's hours worked during the relevant period.

68. Defendant's unlawful conduct has been widespread, repeated, willful, and done as part of common policies, practices, and procedures. Defendant knew or should have known its policies alleged herein were unlawful and that it owed employees this money, and have willfully failed to pay its employees properly. Defendant's actions and omissions giving rise to this complaint were thus not in good faith and were not based upon an informed, reasonable belief that Defendant's behavior was lawful.

69. Plaintiff demands for herself, and for all others similarly situated, that Defendant pay Plaintiff, and all others similarly situated, an amount equal to the amount of tips unlawfully withheld during the relevant time period alleged herein, together with liquidated damages,

*Rempfer Mott Lundy, PLLC*
*10091 Park Run Dr., Ste. #200*
*Las Vegas, NV 89145-8868*
*(702) 825-5303; fax (702) 8254413*
*Info@rmllegal.com*

attorneys' fees, costs, and interest as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For an order conditionally certifying this action under the FLSA and providing notice to all potential members of the Class so they may participate in this lawsuit;
2. For an order appointing Plaintiff as Representative of the Class and her counsel as Class Counsel;
3. All wages, tips, and amounts due Plaintiff within the FLSA, including those sums alleged to have been improperly withheld or not paid, tips which were withheld from Plaintiff and distributed to managers and supervisors in violation of 29 U.S.C. § 203(m)(2)(B);
4. Liquidated damages pursuant to 29 U.S.C. § 216(b);
5. Reasonable attorneys' fees and costs incurred in filing this action;
6. For pre-judgment and post-judgment interest, as provided by law, and
7. Such other relief the Court deems just.

**JURY DEMAND**

Pursuant to the Seventh Amendment to the Constitution of the United States, as well as Article 1, Section 3 of the Constitution of the State of Nevada, Plaintiff hereby demands a jury trial for each of her claims for relief.

Dated: Wednesday, March 4, 2020.

**REMPFER MOTT LUNDY, PLLC**

/s/ Joseph N. Mott
Joseph N. Mott
Nevada Bar No. 12455
Scott E. Lundy
Nevada Bar No. 14235
Attorneys for Plaintiff
**LISA DANIELS**

RML
REMPFER | MOTT | LUNDY